# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

JOHN P. BRADY, JR., *vs.* FRANK S. LOBISSER & another. May 2, 1963. Decree affirmed with costs. The reported evidence and the voluntary findings of fact show that the judge was not plainly wrong in dismissing the buyer's bill for the specific performance of a contract for the purchase of farm land with buildings pursuant to an option exercised by the buyer. At each of the two meetings of the parties to complete the transaction (the time and place of the second meeting having been fixed nineteen days in advance by the buyer) the defendants were ready, able, and willing to tender the deed, but the buyer was not ready to comply with the terms of the agreement as to payment, furnishing a mortgage and note, and providing a surety company bond guaranteeing the notes.

*Francis C. McKenna* for the plaintiff.
*A. T. Handverger* for the defendants.

STANLEY H. GLIDDEN *vs.* COGHLIN ELECTRIC COMPANY. May 2, 1963. Exceptions overruled. On March 31, 1959, the plaintiff, a business invitee, was injured when he tripped and fell while leaving an elevator on premises owned and controlled by the defendant. In this action of tort which was tried to an auditor (findings not final) there was a finding for the plaintiff. Thereafter the case was recommitted to the auditor on the defendant's motion that the auditor set forth a summary of the evidence on which his finding of causal negligence on the part of the defendant's elevator operator was based. Such a summary was furnished by the auditor. The case was then tried to a judge solely on the report of the auditor, as amplified by the summary of the evidence. The defendant presented a motion to strike certain portions of the report, and a motion for judgment in its favor on the report. It also requested a ruling that the evidence did not warrant a finding for the plaintiff. The plaintiff moved for judgment in his favor on the report. The judge denied the defendant's motions and its request for ruling, and granted the plaintiff's motion, all subject to the defendant's exceptions. There was no error. The subsidiary findings of the auditor were sufficient to support his ultimate finding that the plaintiff's injury was caused by the negligence of the defendant's operator. And the subsidiary findings were warranted by the evidence summarized by the auditor. The finding of negligence, contrary to the defendant's contention, rested on something more substantial than speculation. No useful purpose would be served in reciting the findings or evidence in detail.

*Francis P. O'Connor* for the defendant.
*Gerald F. O'Neill, Jr.,* for the plaintiff.